**UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT**

**ICON HEALTH & FITNESS, INC., a Delaware corporation,**

*Appellant,*

**v.**

**JOHNSON HEALTH TECH CO. LTD., a Taiwanese company, and JOHNSON HEALTH TECH NORTH AMERICA, INC., a Wisconsin corporation**

*Appellees.*

APPEAL FROM THE PATENT TRIAL AND APPEAL BOARD OF THE UNITED STATES PATENT AND TRADEMARK OFFICE, CASE NO. IPR2014-00184

**COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC OF APPELLANT ICON HEALTH & FITNESS, INC.**

LARRY R. LAYCOCK
R. PARRISH FREEMAN
MARK W. FORD
**MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT P.L.L.C.**
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1851

*Attorneys for Appellant*

June 6, 2016

# CERTIFICATE OF INTEREST

Counsel for the appellant Icon Health & Fitness, Inc. certifies the following:

1. The full name of every party or amicus represented by me is:

    Icon Health & Fitness, Inc.

2. The name of the real party in interest represented by me is:

    Icon Health & Fitness, Inc.

3. All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

    HF Holdings, Inc. is the parent company.

4. The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

    Larry R. Laycock, R. Parrish Freeman, Mark W. Ford, Charles J. Veverka, John Gadd, MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT P.L.L.C.


DATED: JUNE 6, 2016        /s/ R. Parrish Freeman
                                           R. Parrish Freeman
                                           MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT P.L.L.C.

# TABLE OF CONTENTS

**Page(s)**

CERTIFICATE OF INTEREST ............................................................................. i

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF COUNSEL PURSUANT TO RULE 35(B) ........................... 1

POINTS OF LAW OR FACT OVERLOOKED OR
MISAPPREHENDED BY THE PANEL .............................................................. 2

ARGUMENT ................................................................................................... 3

    I.     The Board's "exercise program" argument violates Icon's
          due process rights in both its provenance and its timing. ........... 3

    II.    No IPR statute or regulation supports the Board
          independently developing grounds for invalidity or
          presenting those grounds for the first time in a Final
          Written Decision. ............................................................................. 5

    III.   Cases interpreting the IPR statutes and regulations make
          clear the Board should not act as patent examiners and
          should instead decide between the arguments put forth
          by the parties. .................................................................................. 8

CONCLUSION ............................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Abbott Labs. v. Cordis Corp.*,
710 F.3d 1318 (Fed. Cir. 2013) ....................................................6, 8

*In re Aqua Prods., Inc.*,
-- F.3d --, No. 2015-1177, 2016 WL 3007656 (PTAB May 25,
2016) .................................................................................................9, 12

*Idle Free Sys., Inc. v. Bergstrom, Inc.*,
IPR2012-00027 (JL), 2013 WL 5947697 (PTAB June 11, 2013) .............6, 8, 9

*Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*,
-- F.3d. --, No. 2015-1693, 2016 WL 2620512 (PTAB May 9,
2016) ................................................................................9, 10, 11, 14

*Microsoft Corp. v. Proxyconn, Inc.*,
789 F.3d 1292 (Fed. Cir. 2015) ...............................................13, 14

*Nike, Inc. v. Adidas AG*,
812 F.3d 1326 (Fed. Cir. 2016) ...................................................6, 8

## FEDERAL STATUES

35 U.S.C. § 312(a)(3) ......................................................................5

35 U.S.C. § 316(e) ...........................................................................5

## FEDERAL RULES AND REGULATIONS

37 C.F.R. § 42.70(a) ........................................................................7

37 C.F.R. § 42.73(a) ........................................................................7

37 C.F.R. § 42.104 ...........................................................................6

# STATEMENT OF COUNSEL PURSUANT TO RULE 35(B)

Based on my professional judgment, I believe this appeal requires an answer to one or more precedent-setting questions of exceptional importance:

Whether, in an inter partes review proceeding under 35 U.S.C. § 311 et seq., the Patent Trial and Appeal Board may cancel patent claims on bases not presented or litigated by either of the parties during the trial.

Whether the due process guarantees of the Fifth Amendment of the United States Constitution, that the state cannot take a person's property without due process, are violated where a government agency cancels all the claims of a United States patent on grounds the property owner was never afforded the opportunity to contest or challenge.

/s/ R. Parrish Freeman
R. Parrish Freeman
Attorney of Record for Appellant
Icon Health & Fitness, Inc.

# POINTS OF LAW OR FACT OVERLOOKED OR MISAPPREHENDED BY THE PANEL

Icon argued in its opening brief that the Board had violated its due process rights by canceling all the claims of the '123 patent based on a claim construction and rationale presented for the very first time in the Final Written Decision. (Icon Br. at 17-21, 26-28, 58-59.) In due course, JHT responded (JHT Br. at 49-54) and Icon replied (Icon Reply at 1-3, 12-13, 23-30).

Following oral argument on May 3, 2016, the Panel affirmed the judgment of the Board without opinion, pursuant to Fed. Cir. R. 36. There were no questions from the Panel at oral argument regarding the due process issue, or the fact that the Board premised its Final Written Decision on claim constructions and rationales Icon never had any opportunity to confront.[1] With no written opinion, Icon does not know whether its due process argument was considered and rejected, or was in fact overlooked or misapprehended. The former scenario seems unlikely since it would

---

[1] An audio recording of the May 3 oral argument is available at http://www.cafc.uscourts.gov/oral-argument-recordings?title=&field_case_number_value=15-2027&field_date_value2%5Bvalue%5D%5Bdate%5D. Counsel for Icon made unsuccessful attempts to direct the Panel to the due process issue at 4:05 and 6:30.

mean the Panel endorses the idea that the Board can cancel claims in an inter partes review (IPR) proceeding based on claim constructions and rationales presented for the first time in the Final Written Decision. Nothing in the case law or the governing statutes and regulations suggests this view is correct. Indeed, everything suggests the opposite is true. That being the case, Icon can only conclude that the Panel did indeed overlook or misapprehend this due process argument.

As represented above, Icon believes the matter involves precedent-setting questions of exceptional importance since IPR proceedings are still fairly new and precedential authority relatively sparse. Icon therefore respectfully submits the present petition in the event the Panel or others on the Court agree.

## ARGUMENT

### I. The Board's "exercise program" argument violates Icon's due process rights in both its provenance and its timing.

Icon's full explanation of the Board's "exercise program" argument and of the resultant due process issue is set out in the briefing. (Icon Br. at 17-21, 26-28, 58-59 and Icon Reply at 1-3, 12-13, 23-30.) It will not be restated here because Icon believes the Panel simply overlooked the

argument. Icon respectfully refers the Panel and the remainder of the Court to the cited pages because they do warrant special attention.

Rehearing is requested because the Panel's affirmance suggests endorsement of both the provenance and the timing of the Board's "exercise program" rationale. But the Panel cannot have knowingly endorsed an IPR regime in which the Board is free to act like patent examiners in formulating original grounds for a finding of obviousness, rather than deciding whether the petitioner carried its burden based on arguments the petitioner itself presented. The Panel likewise cannot have knowingly endorsed an IPR regime in which the patent owner's property is taken away on the basis of grounds the patent owner was never given the opportunity to confront.

This is not a case where the Board attempted to justify its conduct as either an interpretation of existing regulations or a proper use of rule-making by adjudication. The Board simply presented its new "exercise program"-based constructions and rationale for the first time in its Final Written Decision, without explaining or acknowledging them as being new. Because there exists no statute, regulation, or case authority that

expressly or implicitly supports what the Board did, Icon believes the Panel must have overlooked the issue.

## II. No IPR statute or regulation supports the Board independently developing grounds for invalidity or presenting those grounds for the first time in a Final Written Decision.

There are no IPR statutes or regulations that support the Board independently developing grounds for invalidity or presenting those grounds for the first time in a Final Written Decision. The emphasis rather is on what the parties can or must do, and in particular what a petitioner must do. The IPR statutes and regulations are indeed clear that a petitioner not only bears the burden of proving the alleged unpatentability, but that the petitioner must be quite specific in attempting to do so. This strongly suggests the Board's role is limited to deciding whether the arguments the petitioner actually raised were sufficient in carrying that burden.

In the statutes, 35 U.S.C. § 312(a)(3) requires each petition identify "in writing and with particularity … the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim…." Consistent with that requirement, § 316(e) provides that "the petitioner shall have the burden of proving a proposition of unpatentability by a preponderance of the evidence."

In the regulations, 37 C.F.R. § 42.104 provides a detailed list of what each petition must set forth, including "a statement of the precise relief requested for each claim challenged" (§ 42.104(b)) and "[h]ow the construed claim is unpatentable …" (§ 42.104(b)(4)).

The implication of the burden resting with the petitioner, and of the level of detail expressly required for a petitioner to meet the burden, is that the Board is not free to develop its own rationale for invalidity but rather must decide whether the petitioner has carried its burden. Were it otherwise, the Board would be acting as patent examiners, not as judges, and the case law is clear that IPRs "are distinctly different from a typical PTO examination or reexamination where a patent examiner performs a prior art search and independently conducts a patentability analysis of all claims…." *Nike, Inc. v. Adidas AG*, 812 F.3d 1326, 1333 (Fed. Cir. 2016). Indeed, "[a]n inter partes review is more adjudicatory than examinational, in nature." *Idle Free Sys., Inc. v. Bergstrom, Inc.*, IPR2012-00027 (JL), 2013 WL 5947697, at *4 (PTAB June 11, 2013); *see also Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013) ("The purpose of this [IPR] reform was to 'convert[ ] inter partes reexamination from an examinational to an adjudicative proceeding….'") (citation omitted).

The regulations regarding oral argument and judgment are similarly instructive. Both strongly imply that the Board is limited in its analysis to what the petitioner actually raised in its papers. The oral argument regulation provides that "[a] party may request oral argument on an issue *raised in a paper*…." 37 C.F.R. § 42.70(a) (emphasis added). The judgment regulation states that "[a] judgment … disposes of all issues that were, or by motion reasonably could have been, *raised and decided*." 37 C.F.R. § 42.73(a) (emphasis added). Judgments are thus confined to what *a party* actually raised, or what *a party* could have raised had *the party* so moved. This strongly implies that judgments are restricted to deciding which party arguments are persuasive, and should not include grounds for decision not advanced by either party.

Since the statutes and regulations do not authorize what the Board did in this case, Icon believes the Panel overlooked the issue and thus requests rehearing of the due process issue, as stated in the briefing. (Icon Br. at 17-21, 26-28, 58-59 and Icon Reply at 1-3, 12-13, 23-30.)

**III.  Cases interpreting the IPR statutes and regulations make clear the Board should not act as patent examiners and should instead decide between the arguments put forth by the parties.**

The implication of the burden allocation and specificity requirements stated so clearly in the IPR statutes and regulations is that the Board is not free to come up with its own grounds for invalidity, and it certainly cannot present those grounds for the first time in the Final Written Decision. IPR proceedings are still relatively new however, so there are no cases that state these principles with precision. Some of the decisions issued so far are instructive nonetheless.

First are the cases noted above emphasizing that IPR proceedings are not patent prosecution. *Nike*, 812 F.3d at 1333; *Idle Free*, 2013 WL 5947697, at *4; *Abbott Labs.*, 710 F.3d at 1326. This means the Board is not empowered to, and will not, independently examine the claims for patentability. In *Idle Free*, for example, the Board made clear that it will not independently evaluate proposed substitute claims but rather requires "a patent owner … in all circumstances, to make a showing of patentable distinction over the prior art." *Idle Free*, 2013 WL 5947697, at *4.

More recently, after the affirmance handed down in the present case, this Court issued two precedential opinions that bolster the idea that the

Board's judgment should be limited to deciding whether the petitioner carried its burden, based on the arguments the petitioner actually presented. *See Intelligent Bio-Systems, Inc. v. Illumina Cambridge Ltd.*, -- F.3d. --, No. 2015-1693, 2016 WL 2620512 (PTAB May 9, 2016); *In re Aqua Prods., Inc.*, -- F.3d --, No. 2015-1177, 2016 WL 3007656 (PTAB May 25, 2016). Both cases emphasize the primacy of the written argument in framing—and limiting—the issues the Board is empowered to decide.

In *Intelligent Bio-Systems (IBS)*, the Board instituted trial on the basis of obviousness in light of three prior art references. *IBS*, 2016 WL 2620512, at *2. In its Final Written Decision, however, "the Board found that IBS failed to satisfy its burden of demonstrating obviousness of the challenged claims by a preponderance of the evidence." *Id*. at *1. In reaching this decision, the Board refused to consider a new argument IBS raised for the first time in its reply brief, reasoning that "the Reply presents new issues by changing the rationale from express reliance on Zavgorodny's deprotecting conditions, to asserting that those conditions would have been obvious to modify." *Id*. at *5 (quoting the Board's Final Written Decision). On appeal, IBS complained that the Board was obligated to consider the "obvious to modify" rationale, even though IBS failed to state

that rationale in its petition. Presumably, IBS's logic was that the Board's job in IPR proceedings is to assess validity, and to do so without being limited to the grounds actually raised. In rejecting that argument, this Court reasoned:

> It is of the utmost importance that petitioners in the IPR proceedings adhere to the requirement that the initial petition identify "with particularity" the "evidence that supports the grounds for the challenge to each claim." 35 U.S.C. § 312(a)(3). "All arguments for the relief requested in a motion must be made in the motion. A reply may only respond to arguments raised in the corresponding opposition or patent owner response." 37 C.F.R. § 42.23(b).

*Id.* at *8.

The Board thus refused to consider a rationale that possibly could have established the obviousness of the claims, and this Court held that the Board was correct to do so. As the petitioner, IBS knew it needed to make its case, if at all, in its petition. The Court explained that the expedited nature of IPRs is what drives this requirement, and that the IPR rules, while strict, are known to petitioners going in:

> But IBS chose which grounds of invalidity to assert in its petition and it chose not to assert this new one. Unlike district court litigation—where parties have greater freedom to revise and develop their arguments over time and in response to newly discovered material—*the expedited nature of IPRs bring with it an obligation for petitioners to make their case in their petition to institute*. While the Board's requirements are strict ones, they

are requirements of which petitioners are aware when they seek to institute an IPR.

*Id*. (emphasis added).

The clear implication of the Court's words is that the Board cannot be allowed to come up with new rationales in support of obviousness any more than a petitioner can be allowed to do so for the first time in a reply brief. In the present case, the Board presented its new "exercise program" rationale for the first time in the Final Written Decision. That is far more damaging and prejudicial to a patent owner than allowing a petitioner to present a rationale for the first time in a reply brief, yet the affirmance in the present case allows it and, worse yet, endorses the practice as lawful.[2]

In another IPR appeal decided after the affirmance in this case, the Court expressly stated the Board's limitation to considering only the arguments actually raised, albeit in the context of a motion to amend. *In re Aqua Prods., Inc.*, No. 2015-1177, 2016 WL 3007656 (PTAB May 25, 2016). In

---

[2] The damage and prejudice are especially pronounced in this case, where, based on the oral argument questioning (see footnote 1), the Panel appeared to find the Board's new "exercise program" rationale particularly persuasive. Most of the Panel's questions were directed to the new parts of Dyer (A171, col. 4, lines 18-26; A171-A172, col. 4, line 53—col. 5, line 1; A193, col. 48, lines 23-26) cited for the first time in the Final Written Decision at p. 11 (A11). Icon was never afforded an opportunity to this new argument or the newly-cited parts of Dyer.

affirming the Board's refusal to *sua sponte* consider secondary indicia of non-obviousness that the movant failed to include in its motion, the Court explained:

> The burden of showing that the substitute claims were patentable rested with Aqua. It therefore follows that *the Board's evaluation of Aqua's motion to amend was limited to considering only those arguments that Aqua actually raised.* To hold otherwise would require the Board to fully reexamine the proposed claims in the first instance, effectively shifting the burden from the patentee to the Board.

*Id*. at *3 (emphasis added).

Notably, the Court reasoned that the Board's limitation to considering only the arguments raised derived from the fact that the movant bore the burden of proving the patentability of the amended claims. By the same logic, since the burden of proving obviousness in an IPR rests with the petitioner, then the Board should be similarly limited to deciding the issue based solely on what the petitioner raised.

In the present case, the petitioner selected its arguments and presented them its petition. It argued the "step limitation" is rendered obvious by the Dyer reference, but not because of any equivalence between a "script" and an "exercise program." That was an argument the Board developed and advanced for the first time in its Final Written Decision,

along with constructions for the claim terms "script" and "exercise related step," both of which it re-cast to incorporate the term "exercise program." In the short history of IPR proceedings, the Court has not had occasion to expressly denounce such conduct, but a statement in another recent IPR appeal opinion strongly suggests the Court would do so given the chance.

In *Microsoft Corp. v. Proxyconn, Inc.*, the Court affirmed the Board's denial of a motion to amend because the movant failed to distinguish the new claims over a particular reference that the petitioner had included in its petition. 789 F.3d 1292, 1308 (Fed. Cir. 2015). In doing so, the Court distinguished the acceptable scenario before it from one unmistakably presented as being unacceptable:

> This is not a case in which the patentee was taken by surprise by the Board's reliance on an entirely new reference or was not given adequate notice and opportunity to present arguments distinguishing that reference.

*Id*. The present case, however, is such a case. Icon was taken by surprise by the Board's reliance on a brand new rationale, and was not given notice and opportunity to respond. The reference was not new but the rationale was, and the *IBS* opinion discussed above illustrates that raising a new

rationale is unacceptable, even one based on references present in the case since the outset. *IBS*, 2016 WL 2620512, at *8.[3]

Based on the IPR appeal opinions discussed above, Icon believes the Court would welcome an opportunity to clarify that the Board is limited to deciding the arguments presented, and cannot be allowed to generate new rationales for invalidity, and certainly cannot be allowed to do so in the Final Written Decision. That is what the Board did in the present case, and Icon respectfully requests rehearing for that reason.

## CONCLUSION

The Board changed its claim construction in its Final Written Decision to incorporate for the first time the term "exercise program," and then cited new passages from Dyer (not previously discussed by the parties or the Board) that the disclosed system may change "an exercise program" in response to "user performance." (Icon Br. at 17-21, 26-28, 58-59 and Icon

---

[3] To be clear, the reply in *IBS* was stricken in part because it included new evidence comprising an expert declaration and non-patent literature "to support the new rationale and explain the modifications to Zavgorodny." *Id*. at *5 (quoting the Board's Final Written Decision). The reference count however remained constant at three, as the Court confirmed in concluding "that the Board did not err in refusing the reply brief … because IBS relied on an entirely new rationale to explain why one of skill in the art would have been motivated to combine Tsien or Ju with a modification of Zavgorodny." *Id*. at *9.

Reply at 1-3, 12-13, 23-30.) The Board's action in this regard amounted to a deprivation of due process, in that it took away Icon's property without providing Icon an opportunity to be heard. Rehearing is requested to allow the Court the opportunity to address and denounce the Board's conduct in this regard.

Respectfully submitted,

/s/ R. Parrish Freeman

LARRY R. LAYCOCK
R. PARRISH FREEMAN
MARK W. FORD
**MASCHOFF BRENNAN LAYCOCK GILMORE ISRAELSEN & WRIGHT P.L.L.C.**
201 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1851

DATED: June 6, 2016           *Attorneys for Appellant*

## ADDENDUM

Judgment, dated May 5, 2016

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

## ICON HEALTH & FITNESS, INC.,
*Appellant*

**v.**

## JOHNSON HEALTH TECH CO. LTD., JOHNSON HEALTH TECH NORTH AMERICA, INC.,
*Appellees*

———————————

2015-2027

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2014-00184.

———————————

**JUDGMENT**

———————————

ROBERT PARRISH FREEMAN, JR., Maschoff Brennan Laycock Gilmore Israelsen & Wright PLLC, Salt Lake City, UT, argued for appellant. Also represented by LARRY LAYCOCK, MARK W. FORD.

JOHN C. SCHELLER, Michael Best & Friedrich, LLP, Madison, WI, argued for appellees. Also represented by ANDREW DUFRESNE; KEVIN MORAN, Waukesha, WI.

———————————

THIS CAUSE having been heard and considered, it is

ORDERED and ADJUDGED:


PER CURIAM (DYK, MOORE, and HUGHES, *Circuit Judges*).

**AFFIRMED.** *See* **Fed. Cir. R. 36.**

ENTERED BY ORDER OF THE COURT


 May 5, 2016                     /s/ Peter R. Marksteiner
        Date                           Peter R. Marksteiner
                                       Clerk of Court

# CERTIFICATE OF SERVICE

I, R. Parrish Freeman, counsel for appellant Icon Health & Fitness, Inc., hereby certify that on this 6th day of June, 2016, the foregoing **COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC OF APPELLANT ICON HEALTH & FITNESS, INC.** was filed electronically with the U.S. Court of Appeals for the Federal Circuit by means of the Court's CM/ECF system. I further certify that the foregoing was served on the following counsel of record, by means of electronic mail:

> John C. Scheller
> (*jcscheller@michaelbest.com*)
> Michael Best & Friedrich, LLP
> One South Pinckney Street
> Suite 700
> PO Box 1806
> Madison, WI 53701
>
> Kevin Moran
> (*kpmoran@michaelbest.com*)
> Michael Best & Friedrich LLP
> Two Riverwood Place
> Suite 200
> Waukesha, WI 53188
>
> *Counsel for Petitioners-Appellees*
> *Johnson Health Tech Co. Ltd. and*
> *Johnson Health Tech North America, Inc.*

/s/ R. Parrish Freeman

R. PARRISH FREEMAN